UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| INFOCROSSING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-5390 (KSH) |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| SANDATA TECHNOLOGIES, | ) | |
| INC., DOE 1, DOE INC., and | ) | |
| DOE LLC, | ) | |
| Defendants. | ) | |

**KATHARINE S. HAYDEN, U.S.D.J.**

      This matter is before the undersigned upon plaintiff Infocrossing's appeal of Magistrate Judge Shwartz's decision to transfer the within action to the Southern District of New York. At issue between the parties are certain patents. The appeal was timely filed and a transcript of Judge Shwartz's oral decision, which was placed on the record following a hearing at which she heard argument of counsel and considered certain documents, has been provided to the Court. Based upon a review of the record and the parties' submissions, the Court **denies** the appeal on the following basis:

      1. Magistrate Judge Patty Shwartz issued a "first-to-file" ruling in favor of Sandata Technologies, Inc., and ordered the within action to be transferred to the Southern District of New York, where Sandata had filed an action against Infocrossing four days earlier. Infocrossing raises claims of error in this appeal regarding Judge Shwartz's findings in the course of the

hearing and her legal conclusions.  Although Infocrossing makes much of the fact that Judge

Shwartz considered certain evidence in reaching her factual findings that it seeks to challenge,

and as a result, Infocrossing urges the Court to interpret her rulings as dispositive or at best

premature, there is nothing in the record to support Infocrossing's position, nor does it supply

persuasive authority for its arguments.

     2.  Local Civil Rule 72.1(c)(1)(A) governs appeals to the district court from

non-dispositive orders of the magistrate judge.  Under Local Civil Rule 72.1(a)(1) and 72.1(a)(2),

a transfer motion is not deemed dispositive.  It is settled law in this Circuit that an adjudication of

a non-dispositive motion will be set aside only if the order of the magistrate judge "is found to be

clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); L. Civ. R.

72.1(c)(1)(A); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 906 (3d Cir. 1992);

Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1111, 1113 (3d Cir. 1986).  To be contrary to

law, a magistrate judge's order must have "misinterpreted or misapplied applicable law."  Gunter

v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  A misinterpretation rises to

the level of "clearly erroneous" or "contrary to law" only "when, although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed."  Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. of

Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 365, 395

(1948)).

     3.  Infocrossing raises claims of factual error grounded in its position that Sandata has

engaged in filing false submissions, that Judge Shwartz improperly admitted certain evidence,

that the certified docket of the Southern District somehow fails to be competent evidence

deserving of considerable weight, and other claims that hyperbolize the record[1] or misstate applicable evidence rules.  The Court finds these claims of factual error to be without merit, and finds that Infocrossing has not met the legal standard of demonstrating clear error.

      3.  As to the legal basis for Judge Shwartz's transfer decision, the Court has carefully reviewed the transcript of the proceedings before her and does not find her decision to be contrary to law.  Infocrossing calls upon the Fifth and Fourteenth Amendments to the Constitution, apparently in an effort to protest Judge Shwartz's refusal to order eleventh hour discovery on the practices of the Clerk's Office of the Southern District for purposes of challenging its certified filing date on Sandata's lawsuit against Infocrossing.  As Sandata points out, Infocrossing makes no representations that such discovery would lead to anything useful; additionally, engaging in such a quest would undermine the purpose behind certification.  This argument has no legal merit, and Judge Shwartz's decision to rule on the evidence before her is sound.

      4.  Ample evidence for the decision abounds.  At the heart of the ruling is Judge Shwartz's finding that the complaint filed in the Southern District was filed prior to the within action based on a certified copy of the Sandata Southern District complaint date-stamped November 10, 2005, four days before the filing date of this lawsuit; and a certified copy of the

---

[1] The attack on the McCabe Declaration is a good example of this.  Infocrossing claims that Judge Shwartz relied on William J. McCabe, Esq.'s representation in his signed affidavit that he had personal knowledge of certain events.  Thereafter, in advance of the hearing, McCabe withdrew the Declaration on the basis that the claim of personal knowledge was not technically accurate.  Infocrossing conflates this event into a substantive attack on the credibility and good faith of the adversary.  It also attempts to persuade this Court that Judge Shwartz heavily relied on the withdrawn Declaration in making her findings.  Such arguments skew the record and are unpersuasive.

Southern District docket entries for Sandata's case showing the same filing date of November 10th.  Judge Shwartz followed this sound and practical evidentiary basis for her finding Sandata's lawsuit to be first-filed with an appropriate analysis of the governing factors for a transfer in Jumara v. State Farm Insurance Company, 55 F. 3d 873, 879-80 (3d Cir. 1995).  Infocrossing fails to demonstrate any legal error in her analysis.

     5.  Sandata raises, not surprisingly, the issue of sanctions, focusing on *ad hominem* attacks and irrelevant legal arguments in Infocrossing's papers.  The Court declines to impose sanctions, while still noting that Sandata's argument that most of this appeal is based upon "mere arm-waving" is an accurate, even charitable characterization.  As a consequence,

     6.  Infocrossing's appeal of Judge Shwartz's transfer decision is **denied** and her rulings are **affirmed** in their entirety.

     7.  The within action is **transferred** to the Southern District of New York.  The Clerk of this Court shall notify the Clerk of the Southern District that the within action is related to Sandata Tech., Inc. v. Infocrossing, Docket No. 05cv9546.


     **SO ORDERED** this 23rd day of August, 2006.


                                                 s/Katharine S. Hayden
                                                 Katharine S. Hayden, U.S.D.J.